UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC WALKER,

                            Plaintiff,

        -against-

MYRA RUDE; JUSTIN DE MOULIN;
ROBERT AMBROSETTI; ANGELO
YONNONE; ALEXUS ESPADA; RACHEL
MEYER; JOHN DOE; ROPER; PANI;
ANTHONY GIUDICE; JOSE RUIZ; WILLIAM
LAHAR; TERRANCE PETERSON;
CHRISTOPHER LAHAR; OMARI SHAKUR;
BILL LAHAR,

                            Defendants.

**ORDER OF SERVICE**
25-CV-10829 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at the Orange County Correctional Facility, brings

this action, *pro se*, under 42 U.S.C. § 1983, alleging that officers of the Newburgh Police

Department falsely arrested him, used excessive force against him, and denied him medical care,

in violation of his rights under the Fourth and Fourteenth Amendments. (Doc. 1). The Court

liberally construes the complaint as asserting additional claims under New York law. (*Id.*).

Plaintiff names as defendants sixteen employees of the Newburgh Police Department, including

one John Doe defendant. By order dated February 9, 2026, the court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

For the reasons that follow, the Court dismisses Plaintiff's claims for injunctive relief, denies without prejudice his application for the Court to request *pro bono* counsel, and directs service on Defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    *Younger* Abstention

Plaintiff seeks monetary relief, as well as injunctive relief that includes a request to "suppress" certain evidence against him in his pending state-court prosecution and dismiss the criminal case due to the grand jury's reliance on an allegedly defective identification procedure. (Doc. 1 at 7, 14.) To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in

which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses those claims for injunctive relief under the *Younger* abstention doctrine.

**B.      Plaintiff's *Pro Bono* Application**

On January 30, 2026, Plaintiff filed an application for the Court to request *pro bono* counsel. (Doc. 5). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**C.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Myra Rude, Justin De Moulin, Robert Ambrosetti, Angelo Yonnone, Alexus Espada, Rachel Meyer, Roper, Pani, Anthony Giudice, Jose Ruiz, William Lahar, Terrance Paterson, Christopher Lahar, Omari Shakur, and Bill Lahar through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Court dismisses Plaintiff's claims for injunctive relief under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The Court also denies without prejudice Plaintiff's application for the Court to request *pro bono* counsel. (Doc. 5). The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 5.

The Clerk of Court is instructed to issue a summons for each named Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

5

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**

Dated:   February 10, 2026
         White Plains, New York

_____
                   Philip M. Halpern
                   United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.   Myra Rude
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

2.   Justin DeMoulin
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

3.   Robert Ambrosetti
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

4.   Angelo Yonnone
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

5.   Alexus Espada
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

6.   Rachel Meyer
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

7.   Roper (Dispatcher)
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

8.   Pani (Dispatcher)
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

9.   Anthony Giudice
     Newburgh Police Department
     55 Broadway
     Newburgh, NY 12550

10.    Jose Ruiz
Newburgh Police Department
55 Broadway
Newburgh, NY 12550

11.    William Lahar
Newburgh Police Department
55 Broadway
Newburgh, NY 12550

12.    Terrance Peterson
Newburgh Police Department
55 Broadway
Newburgh, NY 12550

13.    Christopher Lahar
Newburgh Police Department
55 Broadway
Newburgh, NY 12550

14.    Omari Shakur
Newburgh Police Department
55 Broadway
Newburgh, NY 12550

15.    Bill Lahar
Newburgh Police Department
55 Broadway
Newburgh, NY 12550