RECEIVED
SDNY DOCKET UNIT
2026 JUL 27 PM 3:32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

ERIC WALKER,

Plaintiff,

- against -

MYRA RUDE, et al.,

Defendants.

-------------------------------------------------x

Civil Action No. 7:25-cv-10829 (PMH)

PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3 & FED. R. CIV. P. 59(e) REGARDING DENIAL OF INJUNCTIVE RELIEF

Defendants are directed to file a response to Plaintiff's motion for reconsideration by no later than August 24, 2026. Failure to do so will result in the motion being deemed fully submitted. To the extent necessary, Plaintiff may file a reply no later than August 31, 2026.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
August 19, 2026

NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the annexed Men
and all prior pleadings herein, Plaintiff Eric Walker, p
before the Honorable Philip M. Halpern, United State
Federal Building and United States Courthouse, 300 C
Order pursuant to Local Civil Rule 6.3 and Federal Ru
Court's Order dismissing Plaintiff's claims for injuncti

PLAINTIFF'S MEMORANDUM OF LAW IN SUPP

I. PRELIMINARY STATEMENT

Plaintiff respectfully submits this Motion for Reconsid
demonstrating that abstention under Younger v. Harris
prosecution or detention is conducted in bad faith, for purposes of harassment, or with no reasonable expectation of obtaining a valid conviction.

II. ARGUMENT

1. The Court Overlooked Controlling Authority on the Bad Faith Exception to Younger Abstention.

While Younger generally dictates that federal courts abstain from interfering with ongoing state proceedings, the United States Supreme Court expressly recognized exceptions in Younger v. Harris, 401 U.S. at 47-49, holding that abstention is inappropriate where a state proceeding is brought in bad faith or to harass the federal plaintiff.

Under established Second Circuit precedent, "a prosecution is brought in bad faith for Younger purposes if it is initiated 'without hope of obtaining a valid conviction' or 'for the purpose of harassing the accused.'" Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 199 (2d Cir. 2002) (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)); see also Kugler v. Helfant, 421 U.S. 117, 124 (1975).

2. Defendants' Bad Faith Conduct Excuses Abstention and Requires Injunctive Relief.

To invoke the bad faith exception, the moving party must demonstrate that state officials are using the proceeding without a reasonable expectation of a valid conviction or in retaliation/bad faith. See Gibson v. Berryhill, 411 U.S. 564, 578–79 (1973); Cullen v. Fliegner, 18 F.3d 96, 103–04 (2d Cir.

1994) (holding Younger abstention improper where state actions were taken in bad faith and for retaliatory enforcement).

Here, Plaintiff alleges specific, concrete facts showing that the prosecution and/or severe conditions imposed upon Plaintiff were undertaken in bad faith, without legal justification, and with the intent to harass and retaliate against Plaintiff for exercising constitutional rights. Because the underlying state actions are infected by bad faith, state court procedures cannot provide an adequate remedy, making federal injunctive relief necessary to prevent irreparable constitutional harm. See Dombrowski v. Pfister, 380 U.S. 479, 489–90 (1965).

Generally, under the doctrine of Younger v. Harris, 401 U.S. 37 (1971), federal district courts abstain from enjoining or interfering with ongoing state criminal prosecutions out of respect for state sovereignty and comity. NDLScholarship
However, the U.S. Supreme Court and the Second Circuit hold that federal courts MUST intervene and grant injunctive relief when state officers or prosecutors act in bad faith or with an intent to harass, frame, or retaliate against the defendant. Mercer Law School Digital Commons

## 2. Pleading the "Bad Faith" Exception in the Second Circuit

To qualify for the bad-faith exception to Younger abstention in the S.D.N.Y., a plaintiff must show that the state prosecution was initiated or conducted without a reasonable expectation of obtaining a valid conviction, and was motivated by an improper purpose, animus, or manufactured evidence.

1. Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191 (2d Cir. 2002):

   Explains that a federal court will not abstain under Younger where the party seeking federal injunctive relief affirmatively demonstrates that the state proceeding was brought or conducted in bad faith or to harass. District of Connecticut

2. Kugler v. Helfant, 421 U.S. 117 (1975):

   Establishes that bad-faith prosecution occurs when state officials act with knowledge that the charges lack legal or factual foundation, or when constitutional violations permeate the underlying investigation.

3. Schaghticoke Tribal Nation v. Kent, 587 F. App'x 676 (2d Cir. 2014):

   Confirms that bad faith under Second Circuit law exists when law enforcement actions are taken for animus, personal retaliatory motives, or through intentionally fabricated accounts.

## 3. Factual Pillars Supporting the Bad-Faith Injunction Standard

To establish entitlement to an emergency injunction (e.g., an order restraining state officials, barring fabricated evidence/statements, or halting bad-faith proceedings), the complaint outlines the following specific acts of bad faith:



• Publicly labeling passenger
withholding
a "murderer" at scene
phones &
without identification
legal
• Establishing retaliatory
or return
animus prior to charges
Unlawful DNA Collection

• Using uncorroborated,
manipulated identification
to support indictment
• Treating passenger
harsher than driver

• Seizing &
personal cell
hat without
justification
inventory,

4 Pre-Charge Defamatory Labeling (Evidence of Prejudgment and Animus):

5 Argument: Slandering a passenger in public as a "murderer" at 9:00 AM before any formal identification or witness identification occurred demonstrates that the officers had an improper, predetermined intent to pin a murder charge on Eric Walker regardless of the facts.

6 Fabrication of Motive & Defective Identification:

7 Argument: The officers used their own false public statements and manufactured narrative to drive an uncorroborated single-witness identification, resulting in an unlawful indictment, revocation of probation, and pre-trial detention.

8 Physical Coercion and Retaliatory Force:

9 Argument: Severely injuring your dominant hand (dislocated thumb requiring surgery) during an unlawful arrest of a passive passenger demonstrates malicious intent rather than good-faith law enforcement duties.

10 Unlawful Retaining/Spoliation of Personal Property:

11 Argument: The refusal to return or log your cell phones and hat shows a continuous pattern of bad faith, depriving you of potential exculpatory evidence (e.g., cell phone location data or communication logs that prove innocence).

12 Statement by officer and failure to reported

13 Arguement: William Lahar stated on May 13th of 2024 during the investigation at the murder scene in the presents of Robert Ambrosetti and responding to Kevin Jodice that he wish both of the victims that were shot were pronounced dead.

III. CONCLUSION

Where a state proceeding or official conduct is initiated or maintained in bad faith, Younger abstention does not apply. Plaintiff respectfully requests that the Court grant reconsideration, reinstate Plaintiff's application for injunctive relief, and grant such further relief as this Court deems just and proper.

Dated: 7/21/2026
Goshen, New York

Respectfully submitted,

Eric Walker, Pro Se
ID/Booking No. 2024-01784
Orange County Correctional Facility
110 Wells Farm Road

Sworn to and subscribed
before me this
21st day of July, 2026

JASON POGOZELSKI
Notary Public – State of New York
No. 01PO6424503
Qualified in Sullivan York County
My Commission Expires 11/01/2029