SOKOLOFF STERN LLP

80 WASHINGTON STREET, SUITE 100, POUGHKEEPSIE, NEW YORK 12601 PHONE (845) 262-6333 SOKOLOFFSTERN.COM

Application for a pre-motion conference is granted. A telephone pre-motion conference has been scheduled for October 13, 2026 at 11:00 a.m. At the time of the scheduled conference, the parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 68, terminate the motion sequence pending at Doc. 41, and mail a copy of this Order to the Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 15, 2026

September 3, 2026

**VIA ECF**
Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE: Walker v. Rude, et al
7:25-cv-10829-PMH
Our File No. 260045PK

Dear Judge Halpern:

We write in accordance with the Court's rules to request a pre-motion conference as the defendant's seek permission to file a motion to dismiss the Amended Complaint ("AC"). We have written to the plaintiff in accordance with the Court's rules, however have not heard back, likely because of mailing delays with the jail as plaintiff remains incarcerated.

The AC should be dismissed, except for Count II against Officer DeMoulin only. Although this excessive force claim is thin, given the standard by which pro se claims are judged, this claim is likely to survive a motion to dismiss but may not survive summary judgment.

The AC goes beyond the scope of the court's order at Doc. 48 and does more than "clean up the pleadings" and "correct party names", it adds at least four previously unasserted causes of action including: Count IV (Fabrication of Evidence); Count V (Deliberate Indifference to Serious Medical Needs); Count VII (Conspiracy to Deprive Civil Rights) and Count VIII (Defamation – Plus). Since these amendments were outside the court's order and made without court permission, they should be dismissed. The newly asserted claims lack merit making the amendment futile.

The Newburgh Police Department is not a sueable entity. See, e.g., *Lee v. Orange County Jail*, 2020 WL5026554 at *1 (SDNY, 2020, citing, N.Y. General Municipal Law, §2). Neither are there any allegations to satisfy *Monell*, should the City be substituted for the Police Department.

Alexus Espada and Rachel Meyer are still named as "defendants" but are never mentioned again in the AC. The AC provides no basis to ascertain how these defendants violated the law, or plaintiff's civil rights as alleged. See, *Kirkland v. Bianco*, 595 F.Supp. 797 (SDNY, 1984). It is also unclear who Doe/Edgar is, as that person is not named as defendant, but there is a claim asserted against him. (Count III) A cause of action may be maintained only against a party to the lawsuit, and allegations directed at a non-party cannot support liability or relief.

The AC still does not satisfy the pleading standards to demonstrate that the named defendants were involved in any deprivation of his rights. "To establish a claim under Section 1983, a plaintiff must show that there has been a denial of a right, privilege, or immunity secured by the Constitution or laws of the United States and that the deprivation of such right occurred under the color of state law." *Nardoni v. City of N.Y.*, 331 F. Supp. 3d 116 (SDNY, 2018). The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir., 2001).

While the AC provides more facts about each defendant, it does not suggest their involvement in any constitutional deprivation. For example, the allegations against Sgt. Guidice, that he stopped the vehicle plaintiff was a passenger in, demanded he exit the vehicle, and treated him differently than the driver doesn't state a constitutional violation when he also alleges police stopped him because they received a call that he had a gun. The fact Det. Ambrosetti "screamed

commands in a threatening tone" or used an aggressive posture towards him is similarly not a constitutional claim. The same is true for each of the named defendants. Ambrosetti, Ruiz and Peterson are only alleged to have "swarmed the vehicle" with service weapons drawn. The AC does not plead a constitutional violation against any defendant.

The search of his person was lawful and no warrant was needed. (Count I). The Second Circuit has long affirmed that reasonable suspicion that a person is carrying a gun suffices to support a brief Terry stop, which was done here. *United States v. Libertad*, 681 F.Supp.3d 102 (SDNY, 2023). And the search-incident-to arrest doctrine permits police officers to perform a search of a person in connection with a lawful arrest. *Riley v. California*, 134 S.Ct. 2473 at 2482–83 (2014). The arrest and search were lawful.

Count III alleges a "warrantless digital search" of his property, but there are zero facts to support this claim in the AC. There is no mention of a "digital search" and nothing about a phone in the facts. This claim is also asserted against "Defendant Edgar" who is not named.

The fabrication of evidence claim (Count IV) fails. "To succeed on a fabricated-evidence claim, a plaintiff must establish that 'an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffe[red] a deprivation of life, liberty, or property as a result.'" *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir., 2021) (alterations in original) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir., 2016)). The AC simply alleges that a dispatcher fabricated that plaintiff had a gun, and that was the basis for the traffic stop of the vehicle he was in. Even if this were true, there are no allegations that this information was likely to influence a jury's verdict, that it was forwarded to prosecutors or that he suffered any deprivation as a result. He offers nothing more than conclusory allegations which are insufficient to meet the pleading

requirements.

To establish a claim for deliberate indifference to medical needs, a pretrial detainee must establish that the deprivation of medical care was sufficiently serious, and that the defendant acted or failed to act with a sufficiently culpable state of mind. *Dumel v. Westchester Cnty*., 656 F. Supp. 3d 454, 463–64 (SDNY, 2023). The AC alleges neither, simply alleging that he was tightly handcuffed, or that his thumb was dislocated in the process is not enough. See, *Peachey v. Zayaz*, 2024 WL 4932527 (SDNY, 2024). Count V fails.

Count VI purports to be an equal protection claim. Plaintiff alleges that he and LaShawn Williams (the driver) were allegedly treated differently during a traffic stop somehow suffices to state a claim. However, he must allege that a government actor intentionally discriminated against him on the basis of his status as a member of a protected category. See, *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir., 2000); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 48 (2d Cir., 1999). There are no allegations that he is a member of a protected class, and the fact police believed he had a gun, not Williams, justified any potential disparate treatment.

The conspiracy claim in Count VII is similarly deficient. Plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Deskovic v. City of Peekskill*, 894 F.Supp.2d 443, 465 (2012) The AC is bereft of details to satisfy any of these elements. Mere allegations of a conspiracy, without facts to support it, cannot withstand a motion to dismiss. *Aziz Zariff Shabazz v. Pico*, 994 F.Supp. 460, 467 (SDNY, 1998).

The "defamation plus" claim (Count VIII) likewise does not survive scrutiny. The Second Circuit recognizes that the "defamation plus" doctrine enables a plaintiff to seek relief for

government defamation under federal constitutional law. See, *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir., 2004). To prevail on this doctrine, Plaintiffs must plead "(1) the utterance of a statement *sufficiently derogatory* to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiffs status or rights." *Id.* He alleges that defendant Lahar said "I know he did it", this statement is not defamatory or derogatory on its face, and there is no deprivation of his liberty or property interest that can attach to the purported statement.

The defendant officers are also entitled to immunity. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir., 2010).

Lastly, would ask the court to stay this matter while the criminal case is pending. Plaintiff was indicted on murder charges, and the trial is scheduled for trial on November 16, 2026. Courts have stayed civil matters in similar circumstances. Estes-El v. Long Island Jewis Medical Center*, 916 F.Supp. 268 (SDNY, 1995); Johnson v. New York City Police Dep't.,* 2003 WL 21664882 (SDNY, 2003). The federal action should be stayed because adjudication of plaintiff's claims would require this court to resolve factual and legal issues that are directly implicated in the pending state criminal prosecution, creating a substantial risk of inconsistent determinations, unnecessary duplication, and prejudice.

We would welcome a pre-motion conference, or ask that the court set a briefing schedule.

Respectfully yours,

SOKOLOFF STERN LLP

Kimberly Hunt Lee

KIMBERLY HUNT LEE

KHL/dmf
cc: Eric Walker, *Pro Se*