Defendants are directed to file a response to Plaintiff's letter motion (Doc. 71) by no later than October 1, 2026.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 28, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
300 Quarropas St.
White Plains, NY 10601

**ERIC WALKER,**
Plaintiff,
*v.*
**RUDE, et al.,**
Defendants.
**Case No.: 7:25-cv-10829-PMH**
**Our File No.: 260045pk**

**LETTER MOTION FOR LEAVE TO AMEND PURSUANT T[O] ... ENLARGEMENT OF TIME, AND EMERGENCY PRELIMINAR[Y] ...**

Dear Judge Halpern:
I am the *pro se* Plaintiff in this civil rights action brought pursuant to 42 U.S.C. § 1983. I am currently detained at the Orange County Jail. I respectfully submit this letter motion to:

1. **Formally substitute** my mistaken defamation claim with a Fourteenth Amendment Due Process/Fair Trial claim;
2. **Request leave to amend** to ensure all core claims (fabrication of evidence, deliberate indifference to serious medical needs, and civil rights conspiracy) are properly unified before the Court;
3. **Request an enlargement of time** to overcome ongoing, severe restrictions on my access to the courts; and
4. **Request emergency preliminary injunctive relief** to halt a pattern of egregious, bad-faith state prosecution and evidence spoliation that directly impacts this litigation.

–

**I. Leave to Amend and Clarification of Claims Under FRCP 15(a)(2)**
In my initial Amended Complaint (AC), I mistakenly labeled a structural due process violation as a "defamation" claim. Because I am a layperson operating without counsel, I conflated the legal terminology. I am formally dropping the defamation label and replacing it with a **Fourteenth Amendment Due Process and Fair Trial claim**. This claim is grounded in the highly suggestive, public statements made by Officer Christopher Lahar on 5/15/204 approxiametly around 9am prior to a photo array, which fundamentally taintes the witness identification process.
The remaining constitutional claims in the AC—including **fabrication of evidence, deliberate indifference to serious medical needs, and a § 1985/1983 conspiracy to deprive civil rights**—were originally detailed in materials sent to Lauren E. Swan at the time of the initial complaint. Because the personal involvement statements and amendments were mistakenly separated into a different folder during the initial mailing (though sent to the exact same filing address), I seek to unify them.
Under Federal Rule of Civil Procedure 15(a)(2), leave to amend must be "freely given when justice so requires." The Second Circuit has repeatedly emphasized that *pro se* plaintiffs must be granted leave to amend liberally, especially when a complaint touches upon constitutional civil rights violations (*McEachin v. McGuinnis*, 357 F.3d 197 [2d Cir. 2004]). To the extent that any elements of my claims

are deemed technically deficient in the first AC, I respectfully request that the Court grant leave to amend so that I can properly cure them.

—

**II. Request for an Enlargement of Time and Notice of Access-to-Court Violations**
I am facing severe, unconstitutional impediments to litigating this matter. I am currently incarcerated at the Orange County Jail, where I must balance my defense in an active criminal matter with this complex civil action. The jail's structural limitations make it impossible to complete a single day of focused legal work:

- **Law Library Restrictions:** Access is strictly controlled, library hours are heavily restricted, and I am forced to wait my turn among numerous other detainees.
- **Denial of Legal Communications:** I have filed multiple formal grievances against the facility, and the Lieutenant. I have repeatedly requested permission to place necessary phone calls to this Court, the Pro Se Intake Unit, and the **City Bar Justice Center Federal Pro Se Legal Assistance Project**. Every single request has been denied. The facility treats baseline access to the courts as a matter of unchecked "officer discretion."

I have reached out to the Pro Se Legal Assistance Project, but due to these communication barriers, I have been unable to follow up on my signed application. I respectfully request a reasonable enlargement of time to allow me to bypass these institutional hurdles and safely confer with the Pro Se Legal Assistance Project for proper filing.

—

**III. Request for Preliminary Injunctive Relief: Systematic Bad Faith and Evidence Spoliation**
I respectfully move this Court to exercise its equitable powers and intervene via preliminary injunction. The City of Newburgh Police Department and the Orange County Prosecutor have engaged in a continuous, calculated chain of bad-faith conduct that compromises my ongoing liberty and the integrity of this court's proceedings. While federal courts generally abstain from state interventions under *Younger*, an exception is strictly carved out where state proceedings are driven by proven **bad faith, harassment, or extraordinary circumstances** (*Kugler v. Helfant*, 421 U.S. 117).
The following newly uncovered facts demonstrate explicit bad faith:

1. **Manufactured Atmosphere & Suggestive Identification:** On May 15, 2024, during a pretextual traffic stop where I was held until May 16, Officer Christopher Lahar openly made highly suggestive statements to LaShon Williams in public. Officer Lahar deliberately incited a hostile crowd, causing bystanders to swarm the patrol vehicle, shouting threats and creating a highly suggestive, coercive environment. This flagrantly violates long-standing Due Process mandates regarding clean, untainted identification procedures (*Manson v. Brathwaite*, 432 U.S. 98) and constitutes official misconduct under New York Penal Law § 195.00.
2. **Perjury and Cover-Up at the Wade Hearing:** On June 26, 2026, a *Wade* suppression hearing was held regarding Indictment 249-24. Under cross-examination, Officer Trevor Lord committed explicit perjury, swearing under oath that he had zero interaction with me and had no knowledge of my presence at the precinct on May 15, 2024. In reality, Officer Lord was one of the primary officers who deployed physical force against me on that exact day—an altercation that directly resulted in a severe injury to my thumb.
3. **Intentional Spoliation of Video Evidence:** Officer Lord admitted on the stand that the witness interview and subsequent photo array were video recorded. However, the police department **intentionally cropped and deleted the beginning of that video footage** before producing it to

my criminal defense attorney, Colleen Foley, Esq. This deliberate destruction and withholding of critical material evidence without notice constitutes a severe violation of the *Brady* doctrine and demonstrates an active cover-up of a corrupted identification procedure (*Boyd v. City of New York*, 336 F.3d 72).

4. **Defective and Fraudulent Grand Jury Indictment:** The Orange County Prosecutor secured the murder indictment on July 10 by presenting a single, uncorroborated identification statement from an alleged eyewitness. The prosecution possessed the exculpatory body-camera footage from the May 15, 2024 traffic stop (which had been turned over to Attorney Foley in the traffic case), but withheld it from the Grand Jury. Although the prosecutor explicitly stated in an application that they were "not using anything" from that traffic case—which resulted in an Adjournment in Contemplation of Dismissal (ACD) on June 5, 2024—they knowingly utilized an identification chain that was completely fruit of that poisoned tree. Misleading the Grand Jury by suppressing evidence of a corrupted identification fundamentally impairs the integrity of the proceeding under New York law (*Manganiello v. City of New York*, 612 F.3d 160).
5. **Unlawful and Continuous Seizure of Property:** During the May 15, 2024 arrest, officers unlawfully seized my personal property, specifically my black hat. The police department has continuously refused to return this property to my stepmother, constituting a continuous, unconstitutional deprivation of property under § 1983.

**IV. Conclusion and Requested Relief**

The cumulative actions of the City of Newburgh Police Department and the state prosecution are not a good-faith pursuit of justice; they represent a coordinated effort to manufacture a conviction through perjury, evidence tampering, and the suppression of body-camera footage.
Therefore, I respectfully request that this Court:

1. **Grant leave to file a Second Amended Complaint** properly substituting my Fourteenth Amendment Due Process claim and preserving my claims for fabricated evidence, conspiracy, and deliberate medical indifference;
2. **Order a formal enlargement of time** to allow me to secure guidance from the Federal Pro Se Legal Assistance Project; and
3. **Issue a Preliminary Injunction** ordering the Orange County Jail to immediately permit my uninhibited legal phone calls, and ordering an evidentiary hearing regarding the bad-faith prosecution and systematic evidence destruction, forcing a dismissal of the defective state indictment with prejudice.

Thank you for your continued attention to this urgent matter.

Respectfully submitted,
ERIC WALKER
September 15, 2026

State of NY County of Orange
The foregoing instrument was acknowledged before me
this 15th day of September 2026
by Walker Eric
_______________ Notary Public
My Commission Expires November 10 2027

Brandon L. Roberts
Notary Public State of New York
No. 01RO0015969
Qualified in Rockland County
My Commission Expires November 10, 2027

ERIC Q Z WALKER
DIN#2024-01784, OCJ
110 WELLS FARM RD
GOSHEN, NY 10924

White Plains, NY 10610
THU SEP 17 2026 PM

HON. JUDGE HALPERN
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPOS ST
WHITE PLAINS, NY 10601

2026 SEP 22 PM 2:52
SDNY DOCKET UNIT
RECEIVED

LEGAL MAIL